**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory J. Hostrawser,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of the<br>Social Security Administration,<br><br>    Defendant. | No. CV-07-2098-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Mr. Gregory J. Hostrawser's ("Plaintiff") Motion for Attorney's Fees (Doc. #44) under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). After reviewing the Motion, the Commissioner's Response (Doc. #49), and Plaintiff's Reply (Doc. #55), the Court denies the Motion.

**I.  Background and Procedural History**

On October 1, 2004, Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act. (Doc. #36 at 1). The Administrative Law Judge ("ALJ") denied his benefits claim, finding that "although Plaintiff ha[d] severe impairments of obesity, hypertension, a history of a shoulder disorder, a back disorder, and lack[ed] residual functional capacity to perform his past work, he [was] able to perform other light work." (Doc. #36 at 2). Plaintiff filed a complaint with the Court seeking judicial review of the ALJ's final decision pursuant to 42 U.S.C. § 405(g). (Doc. #36 at 2).

On September 5, 2008, the Court affirmed the ALJ's final decision to deny Plaintiff's disability benefits. (Doc. # 36 at 26). The Court specifically held that the ALJ's decision was adequately supported by evidence on the record and was not in legal error. (Doc. #36 at 26). The United States Court of Appeals for the Ninth Circuit reversed that decision on appeal and remanded for an award of benefits. (Doc. #50-1 at 1). Plaintiff now seeks $23,884.52 in attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. #55 at 1).

## II. Discussion

### A. Legal Standard

On a motion for attorney's fees and costs pursuant to the EAJA, a prevailing party is entitled to attorney's fees unless the government's position was substantially justified or special circumstances would make an award unjust. *See* 28 U.S.C. § 2412(d)(1)(A); *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). Under the EAJA, the government's position includes both its litigating position and the action or failure to act by the agency upon which the civil action is based. 28 U.S.C. § 2412(d)(2)(D). Furthermore, the Supreme Court has defined "substantially justified" as "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (affirming "Ninth Circuit's holding that substantially justified means having a reasonable basis both in law and fact"); *see also Abela v. Gustafson*, 888 F.2d 1258, 1264 (9th Cir. 1989). The government bears the burden of showing that its position was substantially justified. *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005).

### B. Analysis

The primary issue before the Court is whether the Commissioner's position in defending the underlying action was substantially justified. *See Flores v. Shalala*, 49 F.3d 562, 566 (9th Cir. 1995). There is no dispute as to whether Plaintiff prevailed in obtaining social security benefits. The Ninth Circuit Court of Appeals reversed the ALJ's denial and remanded for an award of benefits. (Doc. #50-1 at 1). However, "the fact that one other

court agreed or disagreed with the Government does not establish whether its position was substantially justified." *Pierce*, 487 U.S. at 596. Although Plaintiff agrees that the reversal does not resolve the issue of attorney's fees, he does argue that "it is not irrelevant that the Commissioner's position was so lacking in merit that the Ninth Circuit remanded for immediate payment of benefits . . . ." (Doc. #55 at 3). The Court disagrees that the Commissioner's position lacked merit.

While it is true that the Court's decision to affirm the ALJ's denial of benefits is not determinative, *Ore Natural Resources Council v. Madigna*, 980 F.2d 1330, 1332 (9th Cir. 1992), Plaintiff is not entitled to attorney's fees under the EAJA because the record supports the substantial reasonableness of the Commissioner's position. In evaluating the availability of disability benefits, the ALJ determined "Plaintiff [did] not have an impairment or combination of impairments that meets or equals one of the listed impairments in 20 C.F.R. § 404.1520(d), 404.1525 and 404.1526 because the medical evidence [did] not establish limitations of listing level severity." (Doc. #36 at 9). Specifically, Plaintiff had the "residual functional capacity" to perform light work despite any physical impairments. (Doc. # 36 at 10).

The ALJ relied upon both medical evidence and Plaintiff's testimony to reach this conclusion. The ALJ gave weight to the assessments of several non-treating physicians. Dr. Drinkwater, Dr. Rand, and Dr. Raymond determined Plaintiff's back and leg pain did not prevent him from doing even light work. (Doc. #36 at 20-26). The Commissioner properly relied on the medical opinions of these non-treating physicians.

The physicians' assessments contradicted the severity of Plaintiff's physical limitations. For example, Dr. Drinkwater reported Plaintiff had "decreased range in his lumbar spine," but that he had "full plus strength in his upper extremities" with an abnormality in the lower left extremity. (Doc. #36 at 14). Dr. Raymond's opinion states, in part: "[Plaintiff] had functional range of motion of the lower extremities but had back pain with internal rotation of the left hip. He had intact reflexes and intact sensation except for

the dorsum of the left foot." (Doc. #35 at 14). Dr. Raymond also found Plaintiff would be able to frequently lift ten pounds, and occasionally lift twenty pounds, while also being able to stand or sit for six hours in an eight-hour workday. (Doc. #35 at 16). Further, although the record is unclear as to the duration of Dr. Rand's examination, he was able to interview Plaintiff, observe his mobility, and make a diagnosis based upon previous medical records. (Doc. #35 at 16). He also found Plaintiff was capable of performing light work. (Doc. #35 at 16).

The ALJ also concluded Plaintiff's personal activities and part-time work contradicted his testimony regarding the severity of his pain and impairments. The Ninth Circuit has noted the ALJ may reject the claimant's testimony due to a lack of credibility, but the ALJ must provide clear and convincing reasons to justify the rejection. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). Further, the ALJ must specifically identify the testimony that he rejects as not credible and must explain what evidence undermines the testimony. *Id.*

First, Plaintiff failed to disclose income he obtained through part-time plumbing work. Second, Plaintiff provided inconsistent statements regarding his international travel. The dissenting Ninth Circuit judge noted this discrepancy in his opinion:

> At the hearing, [Plaintiff] testified that he took two trips, one to the Ukraine and one to Minnesota. On January 10, 2005, his doctor noted that he had just returned from Europe the night before, and on November 21, 2005, medical records show that he hurt his knee while traveling in Russia the week before.

(Doc. #49-2 at 5). Although this evidence does not indicate that Plaintiff was physically able to do plumbing full-time, it does provide a reasonable basis for the Commissioner's denial of benefits. Plaintiff was actually working, albeit not full-time, and this failure to disclose provided a basis for the ALJ to question his credibility; specifically, whether the testimony actually reflected his pain's severity. While the Ninth Circuit held this evidence did not form a "clear and convincing" basis for questioning Plaintiff's credibility, attorney's fees under the EAJA are instead evaluated under a standard of reasonableness. *Pierce*, 487 U.S. at 565;

*see also Moore v. Comm'r of the Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002) (noting that the clear and convincing standard "is the most demanding require[ment] in Social Security cases."). The Plaintiff's disputed credibility, along with competing physician testimony, leads the Court to believe the Commissioner's position was substantially justified. For these reasons, Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act must be denied.

**III.  Conclusion**

**IT IS ORDERED** that Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. #44) is **DENIED**.

DATED this 7th day of July, 2010.

James A. Teilborg
United States District Judge