**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory J. Hostrawser,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of the Social Security Administration,<br><br>    Defendant. | No. CV-07-2098-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b).

## I. Background and Procedural History

The Court has previously recounted the history of this case as follows:

> On October 1, 2004, Plaintiff filed an application for disability insurance benefits under Title II of the Social Security Act. (Doc. #36 at 1). The Administrative Law Judge ("ALJ") denied his benefits claim, finding that "although Plaintiff ha[d] severe impairments of obesity, hypertension, a history of a shoulder disorder, a back disorder, and lack[ed] residual functional capacity to perform his past work, he [was] able to perform other light work." (Doc. #36 at 2). Plaintiff filed a complaint with the Court seeking judicial review of the ALJ's final decision pursuant to 42 U.S.C. § 405(g). (Doc. #36 at 2).
> 
> On September 5, 2008, the Court affirmed the ALJ's final decision to deny Plaintiff's disability benefits. (Doc. # 36 at 26). The Court specifically held that the ALJ's decision was adequately supported by evidence on the record and was not in legal error. (Doc. #36 at 26). The United States Court of Appeals for the Ninth Circuit reversed that decision on appeal and remanded for an award of benefits. (Doc. #50-1 at 1).

Doc. 60.

## II.     Discussion

Plaintiff and his counsel entered into a contingency fee agreement which stated that counsel would receive 25 percent of past-due benefits awarded to Plaintiff as a result of counsel's representation of Plaintiff. Doc. #57-2. The agreement also stated that the award of fees in this case would be governed by 42 U.S.C. § 406(b). *Id.* Counsel seeks $18,492.00 in fees, which represents 25 percent of the past-due benefits that were awarded. Doc. 57 at 1-2. The Government responded and provided a memorandum of law of the legal standard this Court is to apply in awarding fees, but took no position on whether the fees requested in this case are reasonable. Doc. 61.

> Section 406 establishes "the exclusive regime for obtaining fees for successful representation of Social Security benefits claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 795-96 (2002). "The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Id.* at 794. Section 406(b) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).
> 
> In *Gisbrecht*, the Supreme Court discussed the meaning of the term "reasonable fee" in § 406(b). The Court concluded that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." 535 U.S. at 807. The Court noted that "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.*

*Sloan v. Astrue*, CV 05-0841-PHX-DCG, 2-3 (D. Ariz April 24, 2007).

Thus, this Court must first "respect the primacy of lawful attorney-client fee agreements." *Crawford v. Astrue*, 586 F.3d 1142, 1150 (9th Cir. 2009) (en banc) (internal quotations omitted). While looking first to this agreement, this Court must still test the resulting award for reasonableness. *Id.* at 1149. In other words, "the district court must first look to the fee agreement and then adjust downward if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Id.* at

1151.[1] In considering reasonableness this Court should consider the following non-exhaustive factors: the character of the representation, the results achieved, performance, delay, whether the benefits were proportionate to the time spent on the case, and, as an aid if necessary, the lodestar calculation. *Id*.

In this case, counsel performed 96.6 hours of work. This results in an hourly rate of $191.43. Having considered the reasonableness factors summarized in *Crawford*, the Court finds $191.43 per hour to be reasonable. Accordingly, the Court will award counsel $18,492 for his representation of Plaintiff.[2]

### III. Conclusion

**IT IS ORDERED** that the motion for attorney's fees (Doc. 56) is granted pursuant to 42 U.S.C. § 406(b). Counsel is awarded $18,492 in attorney's fees, to be paid out of the sum withheld by Defendant from Plaintiff's past-due benefits.

DATED this 2nd day of August, 2010.

James A. Teilborg
United States District Judge

---

[1] "In the event the court chooses not to give effect to the terms of the agreement, it should state for the record the deduction being made and the reasons therefor[]." *Crawford*, 586 F.3d at 1151 (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989)(en banc)).

[2] Indeed, courts have found much higher hourly rates to be reasonable. *See Sloan*, CV 05-841 at 3 (awarding $566 per hour and collecting cases: *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1036 (N.D. Cal. 2003) (awarding counsel nearly three times the amount of his normal hourly rate); *Grunseich v. Barnhart*, 439 F. Supp. 2d 1032, 1035 (C.D. Cal. 2006) (awarding hourly rate of $600); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365-67 (N.D. Ga. 2005) (awarding hourly rate of $643); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833-34 (S.D. W. Va. 2003) (awarding fee equivalent to $1,433 hourly rate); *Brown v. Barnhart*, 270 F. Supp. 2d 769, 772-73 (W.D. Va. 2003) (awarding fee equivalent to $977 hourly rate)).